IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUNIOR NOEL DEL CID CANTARERO, | Case No. 3:25-cv-00528 |
| *Petitioner*, | District Judge Stephanie L. Haines |
| | Magistrate Judge Kezia O. L. Taylor |
| v. | |
| TODD M. LYONS, et al. | |
| *Respondents*. | |

**MEMORANDUM ORDER**

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Junior Noel Del Cid Cantarero ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a native and citizen of Honduras who has been detained by ICE since November 13, 2025. ECF No. 9 at 1-2. He is charged with, *inter alia*, having entered the United States without admission or inspection under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* at 2. His Petition, filed on December 17, 2025, argues that DHS is not permitting his release from immigration custody consistent with the new DHS policy issued on July 8, 2025, subjecting all noncitizens charged with removability under § 1182(a)(6)(A)(i) to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and therefore ineligible to be released on bond. ECF No. 1 at 1-2. He argues that his detention is unlawful and seeks either immediate release or a bond hearing. *Id.* at 13.

The government asserts that Petitioner is subject to mandatory detention pursuant to § 1225(b)(2)(A), and he is thus ineligible for a bond hearing. ECF No. 9 at 10 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)). Petitioner argues that he is due the process outlined in § 1226(a), which requires noncitizens to receive bond hearings at the outset of

detention. ECF No. 1 at 2. The parties agree that the issue in this case is which statute applies to Petitioner - § 1226(a) or § 1225(b)(2).

For the reasons stated by this Court in *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025), *vacated as moot*, ECF No. 22 (Dec. 17, 2025) ("[T]he Court stresses that the general legal conclusions in the Court's Opinion at ECF No. 16 regarding the application of §§ 1225 and 1226 remain unchanged by this Memorandum Order."), the Court finds that Petitioner's detention is governed by § 1226(a) rather than § 1225(b)(2). The relief afforded to petitioners in this Court upon a finding that their detention is governed by § 1226(a) is an order directing the Respondents to afford the petitioner with a bond hearing. Petitioner, however, was afforded a bond hearing conducted under the standard § 1226(a) framework on January 12, 2026. ECF No. 9 at 2. The Immigration Judge denied bond, not on the basis of *Hurtado*, but upon a finding that Petitioner posed a flight risk if released. *Id.* Thus, the question now is whether the Petition is moot.

In response to this Court's Order directing Petitioner to address this question, ECF No. 10, Petitioner argues that the Petition is not moot because the relief sought in the petition is a bond hearing "consistent with due process requirements applicable in cases of prolonged detention, where the government bears the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk that cannot be mitigated by conditions of release."[1] ECF No. 11 at 1. Essentially, Petitioner argues that his current detention has become unreasonably prolonged such that he has a different due process claim available to

---

[1] Petitioner states that his bond hearing on January 12, 2026, was conducted under the § 1226(a) framework where the detainee bears the burden. ECF No. 11 at 2.

2

him and he is seeking enforcement of due process similar to noncitizens detained pursuant to § 1226(c) bringing habeas petitions seeking a bond hearing where the government bears the burden of proof to justify detention by clear and convincing evidence.

The Court disagrees with Petitioner's assessment. The Petition before the Court, which was filed before Petitioner received his bond hearing, argued that § 1226(a), and not § 1225(b)(2), applied to him, and he was therefore entitled to a bond hearing under the § 1226(a) framework. None of the facts raised in support of the three counts in the Petition challenged Petitioner's detention based on the facts of which he now relies. The due process claim Petitioner raised at Count III of the Petition is not a moving target. When key facts change in a habeas case, and if it is the petitioner's contention that his current detention under those facts is still unlawful, he must amend the petition to raise a new claim that explains why, under the present circumstances, he is in custody in violation of the Constitution, laws, or treaties of the United States. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which also applies to habeas cases filed under § 2241 under Rule 1(b) (a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."); *Mayle v. Felix*, 545 U.S. 644, 649 (2005) ("In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [the petitioner]' and to "state the facts supporting each ground."); *id.* at 656 ("Notice pleading is not sufficient[.]"); Local Rule 2241.B.2.b (in the petition "[t]he petitioner is to state

all grounds for relief, provide specific facts supporting each argument, and identify the relief requested.") Petitioner has not done so here.

Notwithstanding the above, the Court disagrees with Petitioner's assertion that his detention has become unreasonably prolonged. Petitioner has not yet been detained for three months, and while assessing whether a petitioner's detention is reasonable is a "highly fact-specific" inquiry, the Third Circuit has stated that the duration of detention is the most important factor. *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210, 211 (3d Cir. 2020). While no particular number of months marks the border between constitutional and unconstitutional detention, courts do not typically find this factor to weigh in favor of the petitioner until at least six months of detention. *See German Santos*, 965 F.3d at 211 (citing *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F. 3d 469, 478 (3d Cir. 2015) (six-month to one-year period triggered a bond hearing)); *see also* D*iop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011) (mandatory detention becomes "more and more suspect" after five months), *overruled on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).[2] Therefore, even if the Court were to consider Petitioner's new due process claim that was not actually raised in his Petition, the Court would find that it is premature.

In light of the fact that Petitioner has already received the relief of which this Court would grant him had he not received a bond hearing, the Court finds that the Petition is now moot. The Court therefore enters the following Order:

---

[2] In *Jennings*, the Supreme Court rejected the conclusion that § 1226(c) contained an implicit reasonableness limitation. However, the *Jennings* decision did not call into question the constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long.

4

## ORDER

AND NOW this 5th day of February, 2026, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED as moot. The Clerk of Court shall mark this case CLOSED.

_____
Stephanie L. Haines
United States District Judge


Cc: Counsel of record
(Via CM/ECF electronic mail)